Thank you your honor. May it please the court. My name is Kevin O'Brien. I represent Ryan Moberg in this appeal. I brought two points on appeal in this matter. One deals with the district court's decision to allow evidence of uncharged misconduct which was contained in a statement made by Mr. Moberg to law enforcement be heard by the jury in a recording. The second deals with the evidence to sustain a conviction for possession of child pornography. Mr. Moberg was convicted of receiving child pornography and possession of child pornography. On the counter receipt it involved evidence of two video clips that were allegedly uploaded by members of the Boone County Internet Crimes Task Force in November of 2012. That upload was pursuant to a sniffer program used by that law enforcement unit where they go out and try to detect child pornography that may be available to the public. A search warrant was later executed in April of 2013 where a computer was taken from Mr. Moberg's residence. An analysis was done to that computer and no evidence of the uploaded videos was found on the computer. So essentially what you had was an ISP address being the source, the alleged source of these uploads but it was not able to be pinned to any kind of specific electronic device. So that's where the evidence stood on the receiving count when the case was tried. In Mr. Moberg's interview with law enforcement he voluntarily made some statements that he had an interest in child pornography, an interest in sexual gratification. He said he would you know get drunk and search the internet for this material and then he would you know feel guilty and erase it. During that interview which lasted about an hour he, and the interview was played in its entirety for the jury, he said that he would often masturbate to the child pornography. He also said that he was familiar with a series of videos kind of referred to as the Jenny series which is a number of videos that deal with the same young girl. He described one of these videos to law enforcement officers. One of these videos from the Jenny series was actually one of the videos that was uploaded by law enforcement. So based on that evidence the jury returned a verdict of guilty on that receiving count even though they would have indicated that it came from his computer and the the main piece of evidence that connected Mr. Boberg to the uploads was not his computer but his internet address. So our allegation is that allowing that testimony in really confused the jury. It was more prejudicial than probative because it really didn't deal with the November uploads. Wasn't the November upload though, did law enforcement testify that was the Jenny series? One of the uploads was from the Jenny series in November. Isn't this, is this sort of part and parcel of the offense charged? Is he's just sort of making a partial admission? Well it it really wasn't your honor and it was distinct because Mr. Moberg testified that he had he had looked at child pornography many times in the past and that he was familiar with the Jenny series but he never said I saw the Jenny series in November and that was the source of the upload. There was never any acknowledgment of that so you were left with this general feeling that Mr. Moberg's statement was that he was familiar with child pornography he had seen this Jenny series which it was testified at trial was widely available and well known and that because he had seen that that also made him guilty of receiving in November. I'm sure the indictment charged honor about November something something he received it so it did he give a statement that suggested that he had viewed this kind of material way beyond honor about November date of receipt? He wasn't that specific in his statement again the statement didn't reference really any dates it didn't really reference whether it happened after November in November before November it talked about a general familiarity he didn't even really say that he was familiar with the Jenny series based on activity at his residence I mean he just said that he was familiar with that series it involved I think he's exact statements might have been is that a series that involves a girl and a dog and so based on that again the jury was then able to infer that those video clips did exist on Mr. Moberg's computer and that was how they were available for upload by the Internet Crimes Task Force and that's why we're objecting to the admission of that evidence because again it didn't pin down dates it was so vague and yet so prejudicial because of the nature of the material that it really it didn't just go to intent it actually went to the facts of the case I mean the actual acts of the case were constant were substantiated by Mr. Moberg statement that really didn't pin anything down in time so that's the reason we're objecting or that's the reason we're appealing is because we believe the district court really abused its discretion allowing that entire statement and there were other parts of the statement that were objectionable you know that Mr. Moberg masturbated to child pornography not relevant to whether he received it but certainly very prejudicial our second point on appeal deals with the possession and in possession you're talking about thumb cached images that were found on the computer on the hard drive they were images that were generated after you know the testimony was that these images were generated when these videos and stuff would have been on the computer at some earlier time at the time that he was charged which is April 3rd of 2013 with possession there was no evidence that he knew or could have known that the images were on the computer in fact it was testified to that there was no software that would have allowed him to access the material and no evidence was presented that anything on the computer was connected to those thumbs wasn't wasn't it that wasn't worth the thumbnails just evidence that had been on the computer no that's not how it was charged he was the actual possession of the thumbnails what was charged from the April 3rd search warrant the date in question was April 3rd for possession of the thumbs and again the distinction is that those thumbs were not accessible in fact there were remnants of things to try to be deleted so to say well he knew he had those or kept those as some sort of you know remnant or or some sort of if this government would have wanted to charge these are these are not evidence of possession themselves but evidence of prior possession at some time the government could have done that but that wasn't how it was charged and there is some case law out there I think would substantiate the thumbs being evidence of prior possession but again that's not the way that this case was charged this case was charged as these thumbs being child pornography which they did they were showed to the jury and they did the in and of themselves constitute child pornography but again they did not there was no evidence that at the time he knew or could have known that they were on the computer in fact most of the evidence from his statement was that he had gone to great lengths to get them off his computer because he had suffered from this guilt you know he'd do this when he was drinking he tried to eliminate these things and so I mean most of the evidence as it came in was that he did not know so that's that's the issues as I've laid them out of my brief and that's why I think the case should be either vacated or remanded thank you for your time thank you counsel mr. Lynn may please the court your honor is first addressing the issue related to the admission of mr. Moberg statement is of course our position that the entirety of his statement should have been admitted that it was relevant and probative to the issues in this case the elements of these offenses mr. Boberg is mr. O'Brien indicated was questioned after a search warrant was served upon his residence he engaged in a voluntary conversation with deputies and during that conversation he recounted his history in seeking out certain search terms that he utilized in seeking out child pornography one of those search time terms that he described was Jenny he indicated that he was familiar with the Jenny known child pornography series and that he would seek out the child pornography he would download it over the internet he would view it he would masturbate it and as mr. O'Brien indicated he would then feel guilty and then he would delete it we believe the entirety of this statement was admissible we did not offer it there was a motion and let me need to exclude the statement we had a hearing on that issue we did not offer this evidence to show his propensity to engage in child pornography related activity we offered it to show his probative as to his mental that his mental state specifically with regard to the possession of child pornography we were obligated to show that he knowingly possessed child pornography and that he knew the nature of the child pornography and that it traveled over the over the computer over the interstate commerce similarly on the receiving charge we were required to show that he knowingly received that child pornography he knew that it was child pornography and again that he utilized the Internet his statement recount recounting his history of seeking it out downloading and viewing it particularly his familiarity with the Jenny series which was in fact one of the videos that was downloaded during the peer-to-peer investigation and form two of the thumbnail images found on his computer in the thumbnail database cache well specifically what was the use of the thumbnail data what was the use of the was it what was it admitted to prove it was admitted to prove the possession charge there were six or seven images again two came from the Jenny series it was admitted to establish the possession charge so we think the statement comes in shows his familiarity with child pornography shows that he's familiar with child pornography shows his interest in the Jenny series so we think the the judge did not abuse his discretion in admitting the evidence was there a time frame that was offered during that statement either by a question from the officers or a statement by mr. Moberg about when he was doing this there was no concrete time frame and mr. O'Brien indicated now he did kind of outline mr. Moberg some parameters he'd indicated that he the computer that were seized this Acer computer he said that he had that it was a fairly new computer and that he'd had it four or five months which would mean at the time they did the peer-to-peer investigation it was a new computer so most of his statements related to the time his activity utilizing this new computer he was rather vague about his activities prior to that most of it related to this again this about a five month time period and again we charged we charged on or about November the date of the receipt and and likewise on the possession we charge on or about me because many times it's in pot it's very very difficult unless there's definitive forensic evidence to pinpoint exactly when the images were received or possessed if I could if there's no further questions regarding the statement I'll turn to the the issue related to sufficiency and again we think there was abundant evidence to support the jury's guilty verdict on that based upon the six images that were found in the thumbnail database cache now the images of course had been his pattern he had deleted those images but this residual evidence these artifacts remain in the thumbnail database cache and both the government's expert witness the forensic witness as well as the defense expert witness said that even though the images were gone in order for those in thumbnail images to appear those actual images themselves had to exist prior thereto on that in preparing my argument I did a little map last-minute research and I apologize I omitted to to provide this case in my brief but I did find a case that I think is helpful and instructive and that is the case of United States versus Huck h-u-y-c-k it's at 849 Fed third 432 decided by this court in February of 2017 where this court was faced with a very similar issue in Huck mr. Huck was convicted of knowing possession of child pornography based on thumbnail images that were found on his hard drive again located in the thumbnail database cache this court held that even though the the thumbnail images on the hard drive were not viewable without special software they were nonetheless evidence of prior possession of child pornography the court cited United States versus read wherein the court found the presence of child pornography in inaccessible or orphan files on a computer's hard drive is evidence of prior possession of that pornography the court is there a distinction between data found in an internet cache and there is on thumbnail there is on internet cache I think those images can show up or the thumbnails can show up by just web browsing by just browsing on the internet the computer user may not even know that there's that they're there they just are automatically somehow cached to that internet browser whereas with the thumbnail database cache again the defense expert and our experts said for those to end up there that image had to have been saved downloaded or placed onto that hard drive by the computer user prior there to the defense counsel asserts that you didn't present this case as evidence of past possession but that you were charging it as possession of the thumbs unless I misunderstood his argument yeah I'm not sure I exactly under I think his argument is that unless we show definitively that on April 4th that's the date or April 4th of 2013 when the you know that he knowingly possessed them on that date then the evidence was insufficient to support the charge but again we charged on or about that date I mean that's the best date we had you know I probably should have charged it using a broader time frame but again sometimes we don't have very good dates on these so we just charge it the best we can and of course this this court has held that unless time is specifically provided a statute as an element that generally is not an element of child pornography you know when I read Huck it seemed to be telling me that in a case where there's a general allegation that child pornography was possessed at some point close enough in time to the charge that the computer was in the sole possession of the defendant that there was evidence that would suggest that the defendant had knowledge and interest in is is that's exactly how I read Huck as well and in this case as in Huck the evidence was that mr. Moberg this was mr. Moberg's computer as mr. Huck had primary use of his computer mr. Moberg was the only one that used his computer his statement indicated he was the only one that used his computer it was seized from his den and again it was a fairly new computer according to him so we think his admissions and those the presence of those of those images in the thumbnail database cache certainly supported the jury's verdict in this case and with that I have no further unless further questions thank you thank you mr. Lynn mr. O'Brien your honors I would simply highlight what was in my previous statement that you know I do believe the way this was charged and presented was that these thumbs are the pornography that was being prosecuted I don't believe there was any time frame given as to prior possession or anything of that sort in fact it would seem based on mr. Moberg statements that his intention was very emphatically not to possess child pornography when he tried to delete it when he felt this guilt so this unknowing presence it doesn't seem consistent with a knowing mental state and that's that's all I have unless you have any questions thank you mr. O'Brien and thank you also for serving under the Criminal Justice Act in representing mr. Moberg court wishes to thank both counsel